CAUSE NO.: W219-80280-04-HC4
AND WR-72,906-05          72,906-05

MARCH 27, 2015

MOTION DISMISSED
DATE: 4-24-15
BY: PC

RECEIVED IN
COURT OF CRIMINAL APPEALS
APR 20 2015
Abel Acosta, Clerk

NAME: Eloy Diaz Gonzalez
Date of Birth: 12,01,1962
Place of Confinement: Ramsy (1)
  1100 FM. 655 Roshaeon, TX. 77583
TDCJ. CID. number: 1652026

          V·

Abel Acosta, Clerk
Court of Criminal Appeal
of texas P.O. Box 12308,
  Capitor station Austin
          texas 78711
  Dear Mr. Abel Acosta, Clerk
  this is to acknowledge receipt of you Correspondence date
MARCH 28, 2015

en this Correspondence the Court has denied written order the
application for Writ of habeas Corpus.
We received your letter, may asking when is exceptional
circumstances exist, the Court has denied may application
for Writ of habeas Corpus and denied without written order
tho Evidenciari Rehearing.,

Cause. N. W219-80280-04-HC4

APRIL 4, 2015
Name; Eloy Diaz Gonzalez
Date of Birth: 12-01-1962
Place of Confinement: Ramsey (1)
    1100 FM, 655 Rosharon, tx 77583
TDC: 1652026
         T.S

Abel Acosta, Clerk
Court of Criminal Appeal
   of texas
P.O. Box 12308, Capitol
Station .Austin texas 78711

this is Deffender Mosion for Reconcideration
   for Evidenciari Rehearing

On this 4 day of APRIL 2015 Be It Remembered that
Respondent s request for Appointment of a Attorney Ad
Litem to Reppressent Respondent, together with respondent
s Affidavit of Indegency, was pressented and heard
by the Court, and the Court after Consideration of
the Same is of the opinion that Respondent, Inmate
Name Eloy Diaz Gonzalez is an indigent parent It
is, therefore, ORDEREN, ADJUDGED AND Decreed.
   by the Court that _____ Be appointed Attorney
And Litem to Reppresent Respondent s isterests pursuant
to the texas Family Code.

                                    JURGE PRESIDING

# Confinement en Forma
## In 16 AR

Another rule that has defined habeas Corpus, distinguishing that procedure from suits seeking vindication of violations of Constitutional rights relating to conditions of violations of Confinement for example, is that the fact or lengthe of Confinement must be altered by the relief sought. It is thus is easy to understand Ex parte Renier, 734 S.W.2d 349 (Tex. Cr. App. 1987). Wherein the Court held that without some form of Confinement flowing from the Conviction, Jurisdistion through Article 11.07.2 et Seg. Could not be Obtained. See also Ex parte Elliott. 746 S.W.2d 762 (Tex. Cr. App. 1988) in which the Court of Criminal Appeals held that one who was on parole was in Costody for article 11.07 por poses, the Case were decided on Statutory grounds bot the Consept of Confinement is inherent in the Concepts involved with the issuace of an Order Commanding the Keeper of the body to justify that detention. Additionally, a person who is reporting to the parole authorities under Mandatory Supervision Release is Confined for purposes of habeas Corpus under Article 11.07. Fulce V. State. 993 S.W.2d 660 (tex.cr. App 1999). Note However an amendment to the statute in the 1995 package Causes Some question as to Whether Confinement Con be required in the future. In the author s opinion the amendment may well Cause the death kneel for ex parte Renier Supra. in that it states, Confinement means Confinement for any offense or any Collateral Consequence

resulting for the conviction that is the basis of the instant habeas Corpus" (Emphases added) Article 11.07 3. V.A.C.C.P

the first Case decided after the statutory Change which speaks to what is or is not a Collateral Consequence involved use of a prior Conviction for Enhancement of punishment and an attack on that Conviction through Article 11.07 in ex parte Birdwell 7 S.W. 3d 460 (Tex. Cr App. 1999). the Court wrote

the applicant is affected by a Collateral Consequence of one of these 1980 Convictions because the Conviction was used in 1996 theft prosecution to Enhace the penalty from a State Jail felony to a felony of the Second degree see penal Code 12.42(a)(2)

Ex parte Birdwell slip op. at 3. while this has not yet become a fertile area of litigation it is anticipated tha there will be other Cases deciding probatly on a Case by Case basis whether other Consequences will be deemed sufficient to be a Collateral Consequence as that phrase is used in the statute.

Validity. Peticion
Statute allowing Costodians of files to Refuse information Requests from prisoners did not violate prison inmates First Amendment Right to petition the governmen for a redress of grievances; inmates Retained full ability to petition for a writ of habeas Corpus or seek Clemency Regardless of whether city furnished him

With information Nabelek v. Bradford (App. 14 Dist 2006) 228 S.W. 3d 715 review denied, Rehearing of petition for review denied Constitutional law 1438 records 52:

Due Process 2:

Statute allowing Custodians os files to Refuse information Requests from prisoners did not Violate due process Rights of inmate seeking documents related to his conviction to Support his application for Clemency: Statute did not limit his ability to seek Clemency but only limited what information he would be able to Collect. Nabelek. V. Bradford (App. 14 Dist, 2006) 228 S.W. 3d 715 review denied Rehearing of petition for review denied Rehearing of petition for review denied. Constitutional Law 4834, records, 52 Statute allowing Custodians of files to refuse information requests from prisoners did not violate due process Right of inmate not violate due process Rights of inmate seeking document related to his Conviction to Support his petition for habeas Corpus; information and items Sought were Hu. Corpus; information and items Sought were the property of and in the Custody of City. no state or federal statute granted inmate a Righ to Such material inmate pled guilty and forfeited his opportunity to pursue a direct appeal. and inmate retained ability to petition for a writ of habeas Corpus Regardless Of whether City furnished him with information Nabelek. V. Bradford (App. 14 Dist 2006) 228 S.W. 3d 715 Review denied. Rehearing of petition for Review denied Contitutional Law 4489 Recor

RECORDS 52

3- Statute allowing Custodians of files to refuse information requests from prisoners was rationally Related to legitimate State interest in avoiding unnecessary use of State and other governmental agencies Employee Resources and thus did not violate Equal protection rights of prison in mate; prisoners filing of numerous Requests for information put strain on State RESOURCES, Nabelek V. Bradford (App. 14 Dist

4- Constitutional issues

Statute allowing Custodians of files to Refuse information Requests from prisoners did not unconstitutionally hinder prison inmate, s sixth Amendment Right to Repressnt himself. inmate's Right to Represent himself was not affected by a statute that only limited discovery, and licensed attorney would have no greater Constitutional Right to the discovery. Nabelek V. Bradford (App. 14 Dist, 2006) 228 S. W. 3d 715 Review denied Rehearing of petition for review denied. Criminal law 1755 prisons 268 Records 52